UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARITZ INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06-CV-761 CAS |
| | ) |
| C/BASE, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This patent matter is before the Court on defendant Swift Prepaid Solutions, Inc.'s ("Swift") Motion for Leave to File Answer and Counterclaim. Plaintiff Maritz Inc. opposes the motion. For the following reasons, the motion will be denied.

## Background

Swift filed the instant motion seeking leave to file its answer and counterclaim more than four months late. Because the standard for ruling on a motion for leave to file out-of-time requires addressing "all the relevant circumstances," the Court will discuss the procedural history of this case.

On May 10, 2006, plaintiff filed its complaint. It served Swift on May 17, 2006. Swift's responsive pleading was due June 6, 2006. On June 21, 2006, two weeks after its response was due, Swift's counsel filed a motion for an extension of time to respond to the complaint. The Court granted this motion, and Swift's response date was moved to July 10, 2006. Swift failed to respond by July 10, 2006.

On August 7, 2006, Swift filed a motion to dismiss the complaint. Although this motion was filed without first seeking leave to file out-of-time, plaintiff did not object. The Court denied Swift's motion on February 6, 2007. Accordingly, Swift's responsive pleading was due February 20, 2007.

On May 25, 2007, Swift attempted to file its answer and counterclaim. The Court struck this untimely pleading because Swift filed without first seeking leave. More than a month passed before Swift filed the instant motion seeking leave to file its answer and counterclaim four months late. The following table sets out the relevant activity:

| DATE | ACTIVITY |
| --- | --- |
| May 10, 2006 | Complaint filed |
| May 17, 2006 | Swift served |
| June 6, 2006 | Swift's Responsive Pleading Due |
| June 21, 2006* | Swift's attorney enters appearance and seeks extension of time to file responsive pleading |
| July 10, 2006 | Swift's responsive pleading due (revised deadline) |
| August 7, 2006* | Swift files motion to dismiss |
| February 6, 2007 | Court denies motion to dismiss |
| February 20, 2007 | Swift's responsive pleading due (revised deadline) |
| May 25, 2007* | Swift files untimely answer and counterclaim without seeking leave |
| May 31, 2007 | Court strikes answer and counterclaim as untimely |
| June 27, 2007 | Swift files motion for leave to file answer and counterclaim |

*Filed past deadline

In its motion for leave to file out-of-time, Swift offers no reason for the four-month delay, but states only that no party will be prejudiced if Swift is allowed to file, and that it has good faith and meritorious defenses. Plaintiff opposes Swift's motion for leave to file its answer out-of-time, and has filed a motion for entry of default pursuant to Federal Rule of Civil Procedure 55(a). Plaintiff points to Swift's failure to meet two prior filing deadlines as evidence of a lack of good faith, and

2

states that Swift's dilatory conduct has caused considerable delay and prejudice to plaintiff's ability to coordinate its activities in this multi-party litigation.

In its reply brief, for the first time, Swift offers an excuse for its delay in filing its answer. Swift states that it has attempted to negotiate settlement in this matter through discussions with plaintiff's counsel, "in order to avoid extreme litigation costs, particularly for a company of Swift's limited resources." (Swift's Reply at 2). During the four-month period it has been in default, Swift states that it has voluntarily provided plaintiff with the alleged infringing electronic payment cards to demonstrate that the cards were not infringing. Swift then argues that plaintiff delayed in informing Swift that the cards were inoperable, and further delayed in offering a settlement demand calculation. All of these efforts were made, according to Swift, to "avoid[] the costs of additional proceedings." (Swift's Reply at 3). Swift states that when it realized the settlement negotiations were not productive, it filed its motion for leave to file its answer out of time.

**Discussion**

Federal Rule of Civil Procedure 6(b) authorizes courts to accept late filings where the failure to timely file is the result of "excusable neglect." Fed. R. Civ. P. 6(b). The Supreme Court has interpreted "excusable neglect" as an "elastic concept" not limited to circumstances beyond the control of the party. Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 392 (1993).[1] In Pioneer, the Supreme Court held that whether a party's failure to meet a deadline is excusable is an equitable determination, "taking account of all the relevant circumstances surrounding the party's omission." Id. at 395. In making this equitable determination, the Court listed a number

---

[1] Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993), interprets "excusable neglect" as found in Bankruptcy Rule 9006(b)(1). Rule 9006(b)(1) was patterned after Federal Rule of Civil Procedure 6(b), and the factors set out in Pioneer have consistently been used to evaluate cases of "excusable neglect" under Rule 6(b). Id. at 391.

3

of relevant factors the trial court should consider: (1) the danger of prejudice to the non-moving party; (2) the potential impact on the proceedings; (3) the reason for the delay, including whether it was within the party's control; and (4) whether the party acted in good faith. Id.; see also Sugarbaker v. SSM Health Care, 187 F.3d 853, 855-56 (8th Cir. 1999) (applying factors to "excusable neglect" under Rule 6(b)).

### (1) Reason for the Delay

The Eighth Circuit has indicated that the reason for a party's delay is a key consideration in determining whether the party's negligence is excusable. See Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000) ("The four Pioneer factors do not carry equal weight; the excuse given for the late filing must be given greatest import."). Swift's reason for its four-month delay in filing its answer is simply that it sought to avoid the costs of litigation. Unlike the majority of cases decided under the "excusable neglect" standard, Swift did not inadvertently miss a deadline because of faulty record keeping (see Union Pacific R.R. Co. v. Progress Rail Servs. Corp., 256 F.3d 781, 783 (8th Cir. 2001); In re Broadmoor Country Club, 158 B.R. 146, 147 (Bankr. W.D. Mo. 1993)); miscalculation of a deadline (see Sugarbaker, 187 F.3d at 856; Hartford Cas Ins. Co. v. Food Barn Stores, Inc., 214 B.R. 197, 199 (B.A.P. 8th Cir. 1997)); problems in receiving mail (see Feeney v. AT & E, Inc., 472 F.3d 560, 562 (8th Cir. 2006)); or the relocation of counsel's offices (see Harlow Fay, Inc. v. Federal Land Bank, 993 F.2d 1351, 1352 (8th Cir. 1993)). Swift's failure to file was not based on inadvertence or mistake. Rather, based on counsel's representations, Swift's failure to timely file was based on a willful violation of the Court's rules. Swift ignored the deadline, deciding for financial reasons to engage instead in settlement negotiations with plaintiff. For more than four months, Swift neither filed its answer nor filed a motion for extension of time to answer.

4

(2) **The Danger of Prejudice to the Non-Moving Party and Potential Impact on These Proceedings**

In its opposition brief, plaintiff cites to many deadlines of the Case Management Order that have passed, and additional deadlines that are fast approaching, as evidence of the prejudice it will face if Swift is allowed to file its answer and counterclaim at this late date. Plaintiff asserts that the prosecution of its patent infringement claims against Swift will have to proceed on a different litigation track than as to the other remaining defendant, NBO Systems, Inc., thus hampering its ability to coordinate its activities in this multi-party litigation and requiring it and the Court to expend duplicative efforts to adjudicate this matter.

On January 29, 2007, the Court issued its Case Management Order.[2] Pursuant to that order, the deadlines for several significant filings and exchanges have already passed, including deadlines for (1) filing motions to join additional parties or amend pleadings; (2) serving Rule 26 disclosures; (3) filing disclosures of asserted claims and preliminary infringement contentions and document production; (4) defendant's filing of its preliminary invalidity contentions and document production; (5) the parties' exchange of proposed terms and claim elements for construction; (6) the parties' exchange of preliminary claim constructions and extrinsic evidence; (7) filing the parties' joint claim construction and pre-hearing statement; and (8) the claim construction discovery cut-off. Even if the Court were to allow Swift to proceed pursuant to the deadlines in the Case Management Order as modified for defendant NBO Systems, Inc., the majority of these deadlines have still passed, and the claim construction briefing deadlines are set for September 2007.

---

[2]The Case Management Order was modified as to defendant NBO Systems, Inc. on April 25, 2007 and July 16, 2007.

Swift states that it "should be able to comply" with the scheduling order, and that granting its motion for leave to file its answer and counterclaim "will present no impediment to this Court's current scheduling." (Swift's Reply at 4). Swift has made no mention, however, of the many deadlines it has already missed. Moreover, this presumes that the Court would modify its Case Management Order to allow Swift to proceed on the same track as defendant NBO Systems, Inc.

Although Swift represents that by granting its motion for leave, Swift could be incorporated seamlessly into the proceedings that have been ongoing for many months, it has made no specific proposal as to how the Court should handle the upcoming schedule. The Court notes further that Swift attempts to bring a two-count counterclaim for non-infringement and invalidity of plaintiff's '100 patent and the '695 patent. Even assuming Swift could pick up and join on the same track as the other remaining defendant, Swift has not proposed how the litigation of its counterclaims would proceed along the same track as plaintiff's pending claims, as originally contemplated by the Case Management Order. For these reasons, the Court finds that allowing Swift to file its answer and counterclaim more than four months late would significantly prejudice plaintiff and the ongoing proceedings.

### (3) Whether the Party Acted in Good Faith

Plaintiff argues that Swift's actions demonstrate a lack of good faith. Although it is possible for a party to miss a filing deadline due to inadvertence or mistake, Swift has willfully ignored three filing deadlines. Its latest attempt to file its answer and counterclaim comes more than four months after the filing was due, and four weeks after the Court initially struck the filing for being untimely. The Court also has a difficult time comprehending Swift's dilatory conduct considering that its counsel is enrolled in the Court's Case Management/Electronic Case Filing system, and throughout

the period it has been in default Swift has received no less than four notices of another defendant's motions for extensions of time to answer. [Doc. 101, 102, 107, 109]. Swift has never filed such a motion.

Swift attempts to shift blame to plaintiff for Swift's own failure to abide by the Court's rules. First, Swift points to its actions of voluntarily forwarding the allegedly infringing electronic payment cards to plaintiff as evidence of a good faith attempt to resolve this matter. It states that plaintiff delayed in notifying Swift that the cards were inoperable. Swift's argument ignores the fact that had it sent operable cards, there would have been no delay. Regardless of any delay occasioned by plaintiff, however, the Court notes that Swift did not forward the cards until April 25, 2007. See Declaration of J. Bennett Clark, ¶ 3. At this point, Swift was already two months delinquent in filing its answer.

Swift then attempts to shift blame to plaintiff for stalling settlement negotiations. Swift states that plaintiff took a week to respond to Swift's request that plaintiff explain the basis for its settlement demand. When Swift decided plaintiff's response was insufficient, and settlement negotiations were "bogged down," it filed the instant motion seeking leave from the Court to file its answer four months late. Although a defendant's good faith reliance on settlement negotiations might in some cases excuse its failure to timely file an answer, this is not the case. Based on Swift's counsel's representations, these settlement negotiations took place near the end of June 2007. See Reply at 3. At this time, Swift was already nearly four months delinquent in filing its answer.

The Court has no reason to doubt that Swift's stated reasons for delay are credible. The Court has a difficult time comprehending, however, how a party to litigation can ignore its deadline for answering a complaint for more than four months. This is especially true where in that four-

month period, Swift did not communicate with the Court or file any motion seeking to extend the filing deadline.

**Conclusion**

The Court concludes that Swift's conduct is not the result of excusable neglect for the reasons discussed above, and that to permit Swift to file its answer and counterclaim out of time will cause prejudice to the plaintiff and have an adverse impact on the Court's ability to manage the proceedings. The Court will therefore deny Swift's motion for leave to file its answer and counterclaim.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Swift Prepaid Solutions, Inc's Motion for Leave to File Answer and Counterclaim is **DENIED**. [Doc. 121]

							_____
							**CHARLES A. SHAW**
							**UNITED STATES DISTRICT JUDGE**

Dated this __7th__ day of August, 2007.