UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARITZ INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-761 CAS |
| | ) | |
| C/BASE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This patent matter is before the Court on plaintiff Maritz Inc.'s Motion for Default Judgment as to defendant Swift Prepaid Solutions, Inc. ("Swift"). Swift opposes the motion for default judgment. In addition to opposing the motion, Swift argues that because of its meritorious defenses the Court should set aside the clerk's entry of default. For the following reasons, the Court will deny plaintiff's motion for default judgment and vacate the clerk's entry of default.

**Background**

In an order issued August 7, 2007, the Court denied Swift leave to file its answer and counterclaims four months out of time. See Memorandum and Order dated Aug. 7, 2007 ("Doc. 130"). The Court found that Swift's delay in filing its answer was not the result of excusable neglect, and that allowing the filing would significantly prejudice plaintiff. That same day Swift filed a motion for reconsideration, which the Court also denied.

Following the denial of Swift's motion for reconsideration, upon a motion by plaintiff, the Clerk of Court entered default against Swift pursuant to Federal Rule of Civil Procedure 55(a). Plaintiff has moved for default judgment pursuant to Rule 55(b), and requests a hearing to determine

the amount of damages. Swift opposes the motion, and argues the entry of default should be set aside pursuant to the standards of Rule 55(c). (Swift's Opp'n at 3).[1]

**Discussion**

Relief from the clerk's entry of default is governed by Federal Rule of Civil Procedure 55(c). Under Rule 55(c), a court is authorized to set aside an entry of default for "good cause shown." See Fed. R. Civ. P. 55(c); see also Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998). Rule 55(c) distinguishes between relief from a clerk's entry of default, which is subject to the liberal "good cause shown" standard, and relief from a default judgment, which can be set aside only in accordance with Rule 60(b). See generally 10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 55.50 (3d ed. 2007).

The Eighth Circuit has identified three factors for courts to consider in determining whether good cause exists to set aside entry of default: (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, and (3) whether the defaulting party presents a meritorious defense. Johnson, 140 F.3d at 784. The Court is mindful of the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits rather than resolution of cases through default judgment. Id. at 784. The existence of a meritorious defense "underscore[s] the potential injustice of allowing the case to be disposed of by default." Id. (citations omitted).

**(1)     Whether the Default Was Willful**

The Court has previously found that Swift's default was not the result of excusable neglect. See Doc. 130. Courts often grant Rule 55(c) relief for marginal failures to meet deadlines, however,

---

[1] The Court will construe this as a motion to set aside default under Rule 55(c). See, e.g., Walpex Trading Co. v. Yacimientos Petroliferos Fiscales Bolivianos, 109 F.R.D. 692, 694-95 (S.D.N.Y. 1986) (treating defendant's opposition to default judgment as motion to set aside default under Fed. R. Civ. P. 55(c)).

2

when there is an absence of prejudice and meritorious defenses. See Johnson, 140 F.3d at 784. Although Swift's four-month delay in filing its answer exhibited a disregard of the court and its procedures, Swift may show good cause if plaintiff will not suffer significant prejudice and defendant has a meritorious defense. Therefore, the Court will focus on the remaining two factors.

### (2) Prejudice to Plaintiff

The Court has previously found that allowing Swift to file its answer and counterclaim more than four months late would significantly prejudice plaintiff in the ongoing proceedings. See Doc. 130. This finding was based largely on the fact that the deadlines for several significant filings and exchanges had passed. Swift would have been on a different litigation track from the other remaining defendant, NBO Systems, Inc. ("NBO"), which would have hampered plaintiff's ability to coordinate its activities and would have required the Court to expend duplicative efforts to adjudicate this matter. Id.

Circumstances have changed since the Court entered its order denying Swift leave to file its answer out of time. Plaintiff settled its case with defendant NBO, and the parties filed a joint dismissal as to NBO on September 25, 2007. The timing of the settlement obviated the need for plaintiff to expend significant effort briefing claim construction. Allowing Swift to defend itself in this litigation would not necessarily require plaintiff to duplicate work. Additionally, allowing Swift to file its answer and present its defense would no longer require two separate litigation tracks for two defendants. Because defendant NBO is no longer party to the litigation, plaintiff would not be unduly prejudiced coordinating its activities in this litigation.

Numerous decisions have held that prejudice may not be found from delay alone or from the fact that the defaulting party would be permitted to defend on the merits. "Setting aside a default

must prejudice plaintiff in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Johnson, 140 F.3d at 785 (internal quotations omitted). In its response to plaintiff's motion for default judgment, Swift correctly notes that plaintiff has not presented any evidence in support of its position that it has been prejudiced. The Court agrees with Swift, and finds that because of the intervening settlement between plaintiff and defendant NBO, plaintiff would not be severely prejudiced if the Court were to set aside the clerk's entry of default pursuant to Rule 55(c).

**(3)  Meritorious Defenses**

In its opposition to plaintiff's motion for default judgment, Swift argues that plaintiff's complaint alleges generally that Swift infringed on plaintiff's patent through use of a program for implementing incentive awards for debit card holders. Swift argues that its sale of prepaid debit card systems to its clients is not related to the alleged purposes of plaintiff's program as described in its complaint. Swift states that it does not operate a program in which a client has a restricted debit card with an ability to direct spending to specific industries or retail.[2]

The Court notes that in an attempt to settle this matter prior to filing its answer, Swift voluntarily submitted certain electronic payment cards to plaintiff for testing. Presumably Swift would not have agreed to submit its cards to plaintiff for testing if it did not believe in the merits of its defenses. After the cards were submitted to plaintiff, however, settlement negotiations broke down. Plaintiff has not addressed the merits of Swift's defenses.

The lenient "good cause" standard of Rule 55(c) does not require the Court to find Swift's defenses absolutely convincing. See Hayek v. Big Bros./Big Sisters of Am., 198 F.R.D. 518, 524

---

[2]Swift also seeks to bring a two-count counterclaim for non-infringement and invalidity of plaintiff's '100 patent and '695 patent.

4

(N.D. Iowa 2001). It is sufficient that Swift generates a factual or legal question as to the merits of the claim against defendant. Id. (citing Johnson, 140 F.3d at 785 ("[T]he issue is whether the proffered evidence 'would permit a finding for the defaulting party,' not whether it is undisputed.")) Based on counsel's representations, the court finds that Swift has raised factual questions as to the merits of plaintiff's claims. The existence of a meritorious defense weighs in favor of setting aside the clerk's entry of default.

**Conclusion**

For the foregoing reasons, the Court concludes that Swift has met the liberal standard under Rule 55(c) to set aside a clerk's entry of default, and the Court will vacate the same.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Default Judgment as to Swift Prepaid Solutions, Inc. is **DENIED**. [Doc. 138]

**IT IS FURTHER ORDERED** that the Clerk's Entry of Default as to defendant Swift Prepaid Solutions, Inc. is **VACATED** [Doc. 137].

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach and docket defendant Swift Prepaid Solutions, Inc.'s answer and counterclaims, which was filed as an attachment to its motion for leave filed June 27, 2007. [Doc. 121]

**IT IS FURTHER ORDERED** that the Case Management Order issued January 29, 2007 is **VACATED**. A scheduling conference pursuant to Federal Rule of Civil Procedure 16 will be set by separate order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this    22nd    day of October, 2007.